944 F.2d 912
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Victoria O. MASANGKAY, Petitioner,
v.
SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, Defendant.
 No. 91-7003.
 United States Court of Appeals, Federal Circuit.
 July 2, 1991.
 
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ORDER
 MICHEL, Circuit Judge.
 
 
 1
 We, sua sponte, consider whether this court has jurisdiction over Victoria O. Masangkay's petition for review.
 
 
 2
 The following information was obtained from the papers Masangkay submitted to the court. Masangkay's husband, Mariano Masangkay, died while in the service of the Philippine Army. Masangkay alleges that he died in 1942, and thereafter, she had a common law marriage with Eleuterio Esguerra, who died in 1985. Masangkay applied to the Veterans Administration for "Restoration of [her] status as Widow of the Veteran", Mariano Masangkay, sometime after the 1985 death of her common-law husband. Apparently restoration to the status of "widow of veteran" would entitle Masangkay to death benefits.
 
 
 3
 Masangkay states that the VA denied her claim on the ground that Mariano Masangkay was still alive when she began living with Esguerra in 1944. Masangkay argues that "the VA's contention is unfounded, as my ostensible marriage relationship commenced after my husband's death in April 1942 " [emphasis added]. The crux of Masangkay's argument is that the VA erred in not determining that her husband died in 1942 as a result of not properly applying Administrator's Decision No. 929.[1]
 
 
 4
 Review by this court of VA decisions concerning veterans benefits is generally precluded by 38 U.S.C. § 211 governing decisions by the Secretary. This general preclusion does not apply in two instances, however; a petitioner may obtain direct review from this court by challenging a VA rule or regulation pursuant to 38 U.S.C. § 223 or may obtain review by appealing a final decision of the Court of Veterans Appeals pursuant to 38 U.S.C. § 4092.
 
 
 5
 Neither Masangkay's petition for review nor her informal brief show that either of these exceptions applies to her petition for review. With regard to the latter, Masangkay has not alleged that she has obtained a final decision from the Court of Veterans Appeals. With regard to the former, although Masangkay purports to seek review of Administrator's Decision No. 929, an examination of Masangkay's petition for review and informal brief show that she is really challenging the non-application of Decision No. 929 to her case.[2] This court does not have jurisdiction over challenges to the application of VA rules or regulations by the Secretary. See 38 U.S.C. § 211 (Supp.1991). See also Hilario v. Secretary, Department of Veterans Affairs, No. 90-7003 (Fed.Cir. June 10, 1991).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 Masangkay's petition for review is dismissed.
 
 
 
 [1]
 Administrator's Decision No. 929, issued in 1953 sets forth guidelines for determining the date of death of persons reported missing in action
 
 
 [2]
 In her petition for review, Masangkay states:
 My claim for restoration of death benefits under Public Law 91-376 and the Administrator's Decision on missing in action status cases, in my opinion, will establish that the veteran was seen by his comrades in arms, for the last time in 1942; therefore my husband was already deceased when I cohabited with Eleuterio Esguerra ... [emphasis in original].
 In answer to the question "[w]hat errors of fact or law are found in the Secretary's action or regulations?", Masangkay responds:
 The non-application of the Administrator's decision No. 929 issued in April 1953.